UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| William Charles Graham, | Case No. 23-CV-0839 (ECT/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| United States of America, | |
| Respondent. | |

Petitioner William Charles Graham filed a Petition for a Writ of Habeas Corpus Per 28 U.S.C. § 2241 on April 3, 2023. (Dkt. 1.) In a letter dated April 4, 2023, the Clerk of Court informed Graham that he would be required to pay the filing fee for this matter or apply for *in forma pauperis* ("IFP") status within 15 days, failing which this matter could be dismissed without prejudice for failure to prosecute. (*See* Dkt. 2.) That deadline has now passed, and Graham has not paid the filing fee for this matter or applied for IFP status. In fact, Graham has not communicated with the Court about this case at all since commencing this action. Accordingly, this Court now recommends, in accordance with the warning previously given to Graham, that this action be dismissed without prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

This Court notes that even if Graham had elected to prosecute this action, dismissal would be warranted on a second basis: This District is not the correct venue for Graham's § 2241 Petition. A § 2241 habeas petition must be presented in the District in which the petitioner is detained, not the District in which the petitioner was sentenced. *See* 28 U.S.C. § 2241(a); *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009) ("[T]he proper venue for filing a § 2241 petition is the district in which the prisoner is confined."). Graham is now detained in Kentucky; he cannot seek habeas corpus relief in Minnesota. The Petition would be subject to sua sponte dismissal on that basis as well. *See* 28 U.S.C. § 1406(a).

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: April 27, 2023

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local

2

Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).